1  JONATHAN M. TURNER (SBN 102579)
   jmt@msk.com
2  ERICA C. PARKS (SBN 273893)
   ecp@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
4  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  *Attorneys for Petitioners*
7  NBCUniversal Media, LLC,
   Universal City Studios, LLC, and
8  Mark Higginbotham

9
                  UNITED STATES DISTRICT COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11
                         WESTERN DIVISION
12

13
   NBCUNIVERSAL MEDIA, LLC,           CASE NO.: 2:17-cv-1404
14 UNIVERSAL CITY STUDIOS, LLC,
   AND MARK HIGGINBOTHAM,             **COMPLAINT AND PETITION**
15                                    **FOR ORDER COMPELLING**
                 Plaintiffs/Petitioners,  **ARBITRATION PURSUANT TO**
16                                    **COLLECTIVE BARGAINING**
           v.                         **AGREEMENT [29 U.S.C. 185]**
17
   ROGER PICKETT, an individual      *[L.R. 7.1-1 Notice of Interested*
18                                   *Parties; and Notice of Filing Proposed*
                 Defendant/Respondent.  *Summons and Proposed Summons filed*
19                                   *concurrently herewith]*

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

8580579.7

---

**COMPLAINT AND PETITION FOR ORDER COMPELLING ARBITRATION**

Plaintiffs/Petitioners NBCUniversal Media, LLC, Universal City Studios, LLC, and Mark Higginbotham (collectively, "Petitioners," and each a "Petitioner") hereby allege as follows:

## PARTIES

1.     Petitioner NBCUniversal Media, LLC ("NBCUniversal") is a limited liability corporation, incorporated under the laws of the State of Delaware, and develops and produces television programming and owns and operates television networks throughout the United States of America, including within this District.

2.     Petitioner Universal City Studios, LLC ("Universal City Studios"), is a limited liability corporation incorporated under the laws of the State of Delaware, and a subsidiary of NBCUniversal, engaged in the production and distribution of television and feature motion pictures in the filmed entertainment industry, including in this District.

3.     Petitioner Mark Higginbotham ("Higginbotham") is the Director of Labor Relations for NBCUniversal, working out of NBCUniversal's offices at its Universal City location in the Central District of California.

4.     Defendant/Respondent Roger Pickett ("Respondent") is, and at all material times was, an employee of NBCUniversal, working out of NBCUniversal's facilities located in Universal City, within the Central District of California.

## JURISDICTION AND VENUE

5.     This suit is based on failure, neglect, or refusal to arbitrate, in violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce.  This court has subject matter jurisdiction of this action under the Federal Arbitration Act, 9 U.S.C. § 4, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, *see Painting & Decorating Contractors Ass'n of Sacramento, Inc. v. Painters &*

1  *Decorators Joint Comm. of the East Bay Counties, Inc.*, 707 F.2d 1067, 1071 (9th

2  Cir. 1983), *cert. denied*, 466 U.S. 927, (quoting *Rehmar v. Smith*, 555 F.2d 1362,

3  1366 (9th Cir. 1976)).

4       6.     Venue is proper in the Central District of California because a

5  substantial part of the events or omissions giving rise to the claim occurred in this

6  District.

7  **THE COLLECTIVE BARGAINING AGREEMENT**

8       7.     Respondent is, and at all material times was, a member of the National

9  Association of Broadcast Employees and Technicians, the Broadcasting and Cable

10  Television Workers Sector of the Communications Workers of America, AFL-

11  CIO-CLC (the "Union").  The Union is, and at all material times was, by reason of

12  section 9(a) of the National Labor Relations Act, as amended, 29 U.S.C. § 159(a),

13  the exclusive bargaining representative of certain of NBCUniversal's employees,

14  including Respondent, and in this capacity bargained with NBCUniversal on

15  matters concerning wages, hours, and other terms and conditions of employment of

16  said employees.

17       8.     Petitioner NBCUniversal and the Union are, and at all material times

18  were, parties to a collective bargaining agreement covering the wages, hours, and

19  other terms and conditions of employment of the employees above-described

20  employees, including Respondent ("covered employees").  A true and correct copy

21  of relevant excerpts of said collective bargaining agreement  (the "Master

22  Agreement" or "CBA") is attached hereto as Exhibit 1.

23       9.     Article II, Section 2.1 of the CBA contains a comprehensive non-

24  discrimination clause that provides, in pertinent part, that "[n]either the Union nor

25  [NBCUniversal] will discriminate against any employee because of race, creed,

26  age, sex, sexual orientation, disability, color, national origin, religion, or any other

27  characteristic protected by applicable federal, state or local law, in violation of

28

2

8580579.7

1    such law, including but not limited to the Age Discrimination in Employment Act

2    of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended,

3    Sections 1981 through 1988 of Title 42 of the United States Code, the Americans

4    with Disabilities Act of 1990, the Rehabilitation Act of 1973, . . . California Fair

5    Employment and Housing Act, . . . or any other federal, state or local law."

6          10.    Article XX, Section 20.1 of the CBA contains comprehensive

7    grievance and arbitration procedures governing disputes arising in connection with

8    the interpretation, application and enforcement of the CBA, including disputes

9    wherein it is alleged that NBCUniversal violated the rights of a covered employee

10   under the non-discrimination clause in Article II, Section 2.1, *supra*.  Specifically,

11   Article XX, Section 20.1 of the CBA provides, in pertinent part, that in the event

12   that a covered employee alleges that NBCUniversal violated the employee's rights

13   under Article II, Section 2.1, the employee may request the Union to file a

14   grievance on the employee's behalf; and, should the employee fail to make such a

15   request, or should the Union fail to timely act on the request by filing a grievance

16   within the time limits set forth under the CBA, or fail to refer the grievance to

17   arbitration as provided under the CBA, then the employee may submit the

18   grievance to the Company's mandatory dispute resolution program, which program

19   provides for, among other things, the arbitration of any such unresolved

20   grievances.

21         11.    Article XX, Section 20.1 of the CBA further provides that the

22   grievance process, including the covered employee's use of NBCUniversal's

23   mandatory dispute resolution program, shall be "the sole and exclusive procedure

24   for resolution of such claims, and neither the Union nor any aggrieved employee

25   may file an action or complaint in court on any claim that arises under Section 2.1,

26   having expressly waived the right to so file."  Article XX, Section 20.1 further

27   provides that "the impartial Umpire's decision (in the case of a claim brought by

28

3

**COMPLAINT AND PETITION FOR ORDER COMPELLING ARBITRATION**

1  the Union) or the arbitrator's decision (in the case of a claim brought by the

2  employee through the Company's mandatory dispute resolution program) shall

3  provide the final, binding and exclusive determination of such claim, subject only

4  to appeal in accordance with the Federal Arbitration Act."

5       12.    Pursuant to and by reason of Article XX, Section 20.1 of the CBA,

6  Respondent, through the Union, who is Respondent's exclusive bargaining agent,

7  has clearly and unmistakably waived the right to file any action in court for claims

8  alleging that NBCUniversal has violated Respondent's rights under any federal,

9  state or local law prohibiting employment discrimination.

10                             **RESPONDENT'S VIOLATION OF THE CBA**

11       13.    On or about October 28, 2016, Respondent filed a complaint against

12  Petitioners Universal City Studios and Higginbotham in Los Angeles Superior

13  Court, Case No. BC638593, alleging claims for: (1) Age Discrimination, In

14  Violation Of California's Fair Employment And Housing Act ("FEHA"); (2)

15  Harassment Based On Age And Disability, Under FEHA; (3) Retaliation, In

16  Violation Of FEHA; (4) Disability Discrimination, In Violation Of FEHA; (5)

17  Failure To Provide An Accommodation, In Violation Of FEHA; (6) Failure To

18  Engage In The Interactive Process, In Violation Of FEHA; (7) Wrongful

19  Termination/Adverse Employment Action In Violation Of Public Policy; (8)

20  Wrongful Termination/Adverse Employment Action In Violation Of FEHA; (9)

21  Defamation; and (10) Intentional Infliction Of Emotional Distress ("IIED") (the

22  "Complaint").

23       14.    Respondent subsequently filed an amendment to the Complaint

24  adding NBCUniversal as a defendant and a First Amended Complaint ("FAC")

25  alleging substantially the same claims as those alleged in the Complaint.  A true

26  and correct copy of the FAC is attached hereto as Exhibit 2.

27

28

4

8580579.7

15.     Respondent has expressly waived the right to file a civil action on the claims alleged in the FAC, which are exclusively subject to arbitration under NBCUniversal's mandatory dispute resolution program pursuant to the CBA.

16.     Counsel for Petitioners initially notified counsel for Respondent on or about November 29, 2016 and December 2, 2016 that his client's claims are subject to arbitration pursuant to the CBA, and further demanded that Respondent submit his claims to arbitration in accordance with the contractually mandated procedures under the CBA.  Despite Petitioners' further attempts to meet and confer to try and resolve the matter, Respondent has to date refused to submit his claims to arbitration in compliance with the CBA.

## CLAIM FOR RELIEF

17.     Petitioners reassert each of the foregoing allegations.

18.     The Union is, and at all material times was, the exclusive bargaining representative of the covered employees, including Respondent, and as such was authorized to negotiate on their behalf over matters regarding their terms and conditions of employment, and to establish contractually mandated grievance and arbitration procedures such as those contained in the CBA to resolve any grievances or disputes arising out of employment of the covered employees, including Respondent.  Respondent is bound by the terms of the CBA, including the grievance and arbitration procedures contained therein, all of which the Union negotiated on behalf of the covered employees, including Respondent.

19.     By filing the Complaint and refusing to submit to arbitration the claims alleged therein, Respondent has breached Section 20.1 of the CBA.

20.     NBCUniversal is entitled to rely upon the benefit of its bargain with the Union, including the right to resolve, through arbitration under the CBA, the claims that are the subject of Respondent's Complaint.

**COMPLAINT AND PETITION FOR ORDER COMPELLING ARBITRATION**

8580579.7

1       21.    Respondent's refusal to submit his claims to arbitration is in violation

2   of the CBA, and has deprived NBCUniversal of its contractual rights under the

3   terms of the CBA.

4       22.    Petitioners have demanded that Respondent comply with his

5   obligations under the CBA, by submitting his claims to arbitration in accordance

6   with the provisions of the CBA.  Respondent has failed and refused and continues

7   to fail and refuse to comply with these obligations.

8       23.    Petitioners have performed all obligations under the CBA, except for

9   those which have been excused by reason of Respondent's failure to perform.

10      24.

11  ## **PRAYER**

12      WHEREFORE, Petitioners respectfully pray for the following relief:

13      1.    For an Order directing Respondent to submit all claims subject to the

14  CBA, whether asserted or un-asserted, including the claims alleged in the

15  Complaint, to binding arbitration pursuant to the CBA;

16      2.    For costs of suit incurred herein; and

17      3.    For such other and further relief as the Court deems just and proper.

18  

19  DATED: February 21, 2017    JONATHAN M. TURNER
    ERICA C. PARKS

20      MITCHELL SILBERBERG & KNUPP LLP

21  

22      By:  */s/ Erica C. Parks*
    Erica C. Parks

23  

24      *Attorneys for Petitioners*
    NBCUniversal Media, LLC,

25      Universal City Studios, LLC, and
    Mark Higginbotham

26  

27  

28  

6

**COMPLAINT AND PETITION FOR ORDER COMPELLING ARBITRATION**

8580579.7

# EXHIBIT A

1   IRVING MEYER, ESQ.    SBN: 109619
2   225 Santa Monica Boulevard, Suite 700
    Santa Monica, California 90401
3   (213) 237-9999 - Tel
    (310) 860-0771 - Fax
4   irvnosh@cs.com - Email
5   Attorney for Plaintiff, ROGER PICKETT

6

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF LOS ANGELES

10

11  ROGER PICKETT,                    )    CASE NO: BC 638593
                                      )    (*Hon. Teresa A. Beaudet - Dept. 50*)
12         Plaintiff,                 )  **AMENDED COMPLAINT FOR DAMAGES**
                                      )       1. AGE DISCRIMINATION (FEHA);
13  vs.                               )       2. AGE AND DISABILITY HARASSMENT;
                                      )       3. RETALIATION (FEHA);
14                                    )       4. DISABILITY DISCRIMINATION (FEHA);
15  UNIVERSAL CITY STUDIOS, LLC; and  )       5. FAILURE TO ACCOMMODATE (FEHA);
    MARK HIGGINBOTHAM; and Does 1 to  )       6. FAILURE TO ENGAGE IN INTER-
16  20,                               )          ACTIVE PROCESS (FEHA);
17         Defendants.                )       7. WRONGFUL TERMINATION AGAINST
    _____)          PUBLIC POLICY (FEHA);
18                                            8. WRONGFUL TERMINATION (FEHA);
19                                            9. DEFAMATION; and
20                                           10. INTENTIONAL INFLECTION OF
                                                EMOTIONAL DISTRESS
21

22                       **REQUEST FOR JURY TRIAL**

23  **PARTIES AND JURISDICTION**

24         1.     Plaintiff ROGER PICKETT ("Pickett" or "Plaintiff") at all relevant times

25  worked in Universal City, within Los Angeles County, as an employee of UNIVERSAL CITY

26
27  STUDIOS, LLC. ("Universal" or "Defendant"), and/or NBCUniversal Media, LLC, ("NBC" or

28

                                      1                    AMENDED COMPLAINT

"defendant") (sued and served as Doe 1) both Delaware corporations, who have it's most MAJOR/SIGNIFICANT working locations within Los Angeles County.

2.     Defendant Universal, and NBC it is believed, are California corporations organized and existing under the laws of the State of Delaware, but has several of its most major and significant locations within the State of California, County of Los Angeles.  At all relevant times, Universal and/or NBC were the employer of Pickett as alleged herein.

3.     Defendant MARK HIGGINBOTHAM ("Higginbotham"), who was at all times a resident and a citizen of the State of California, County of Los Angeles, and was at all relevant times a supervisor at Universal and/or NBC, while Pickett worked for Universal and/or NBC in the State of California, County of Los Angeles.

4.     The true names and capacities, whether individual, corporate or otherwise, of Defendants Does 1 to 20 inclusive, are unknown to Pickett, who therefore sues them by such fictitious names.  Pickett will seek leave to amend this Complaint to allege their true names and capacities when they have been ascertained.  Pickett is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Pickett's damages as herein alleged were proximately caused by those Defendants.  At all times herein mentioned, Defendants Does 1 to 20 inclusive were the agents, servants, employees, or attorneys of their Defendants, and in doing the things hereinafter alleged, were acting within the course and copy of their authority as those agents, servants, employees, or attorneys, and with the permission and consent of their Defendants.

5.     Pickett is informed and believes, and based thereon alleges, that at all relevant times, each Defendant was the agent of the other Defendants, and in doing the things herein

2                      AMENDED COMPLAINT

alleged, each Defendant was acting in the course and scope of such agency with the consent, notification, and permission of each of the other Defendants.  Each Defendant ratified the actions of the other Defendants and named employees as alleged herein.

6.      At least some of the acts complained of herein occurred in Los Angeles County as defendant Universal and/or NBC are private corporation with major locations within Los Angeles County, and defendant Higginbotham is a resident/citizen of the State of California, and a resident of Los Angeles County, and is subject to suit under the <u>California Fair Employment and Housing Act</u>, <u>Government Code</u> section 12900 et seq. (hereinafter the FEHA), in that Universal and/or NBC are employers who regularly employs five or more persons, where plaintiff Pickett was employed.

## COMMON ALLEGATIONS

7.      Beginning about in 1981, Pickett, who was 62 years of age at the time of the illegal actions of defendants in May, 2016, began his career as a technician in the video tape department for Universal, assigned to the Burbank, California location, and was employed by Universal and/or NBC until May 7, 2016, when he was terminated, denied an accommodation, and denied to be provided with an interactive process, all as a result of his disability, his age, and in retaliation for insisting he be allowed to return to work, with or without an accommodation, and because Pickett's refused to sign a "Last Chance Agreement," which Agreement restricted Pickett's rights of employment, as this Agreement required Pickett to admit to violations of company policy, with its harsh consequences, but which Pickett denied he violated.  Pickett was told not to come back to work at defendants' company on May 7, 2016, and on September 16,

2016, he received the official word, from Steve Ross, his union President, that defendants had terminated him.

8.      After Pickett's doctor released him to come back to work in May 2016, with the following restrictions: no heavy lifting; no prolonged standing and walking; no repeated bending, stooping, twisting; no forceful use of injured extremity; and no climbing/kneeling, after Pickett's medical treatment for Carpal Tunnel Syndrome, Chondromalacia Patella Bilaterally, and multiple bulging disks, Higginbotham, a person with the supervisory position at Universal and/or NBC of Director of Labor Relations, and who was made aware of Pickett's medical condition, and his medical restrictions by Pickett, as well as by Defendants' workers' compensation department/human services department, Higginbotham made the following statements/comments to Pickett, in the presence of other persons, "you are a terrible person for insisting you be allowed to come back to work," "you are a poor example of a human being for insisting you be allowed to come back to work," and "I don't believe that you had any pain," (requiring Pickett to show Higginbotham his seven MRIs, the AME's report, his medical restriction letter, among other medical records); as well as Higginbotham, also at that time, saying, "old people are un-trainable," "you need to go on retirement," "you don't understand present technologies," each of which had the purpose or effect of unreasonably interfering with Pickett's work performance and creating an intimidating, hostile, offensive, or abusive work environment based upon Pickett's age and/or disability, and which make it more difficult for Pickett to do his job.

9.      In addition, Pickett had taken time off from work, due to an injury in February 2014, because of a work related injury, as well as being on leave of absence from April 2015 to May 2016, also due to a work related injuries, all of which were contributing factors in

AMENDED COMPLAINT

defendants' decision to terminated Pickett because of his disability, or perceived disability, and/or age.

10.     On or around October 3, 2016, Pickett filed a charge of Age Discrimination, Disability Discrimination, Disability Harassment, Age Harassment, Failure to Accommodate, Failure to Enter into a Reasonable Interactive Process, and Retaliation with the Department of Fair Housing and Employment ("DFEH"), in compliance with the applicable provisions of the California Government Code, and the DFEH issued Pickett a "Right-To-Sue Notice" which is attached hereto as Exhibit "1."

**FIRST CAUSE OF ACTION**
**(Against Defendants Universal, and Does 1-20)**
**(Age Discrimination In Violation of FEHA)**

11.     Pickett realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 10, as set forth above.

12.     Government Code Section 12940 makes it an unlawful employment practice for any employer to discriminate against an employee, or any person providing services thereto on the basis of age.  Pickett was terminated by Higginbotham on May 7, 2016, telling Pickett that there were no jobs for him as they could not accommodate his restrictions, and then on May 12, 2016 when Pickett received an email from defendants' HR, stating that "...there was no need to return to work as there was no work or job available to you that can accommodate your restrictions."

13.     Pickett at the time of his termination, was (1) a member of a protective class (being 62 years of age); (2) he was qualified to do many of the positions that were available at defendant company, having worked at defendant company for over thirty-five years, and having

AMENDED COMPLAINT

accumulated many of the skills and experiences necessary to do those jobs, and/or he was performing competently in the position he held (he held that position for over ten years, and with an accommodation he could have continued to do the essential functions of that job); and (3) he suffered an adverse employment action (he was terminated, he was not accommodated, and/or he was not offer the required interactive process, all actions which "materially affect the terms and conditions of Pickett's employment"). And as stated by Mr. Steve Ross, the President of Pickett's union, in a letter dated June 27, 2016, to Higginbotham: "As you know, Roger has about thirty-five years of seniority with the Company and has occupied many positions over the years. He has ample skills which, with modest training, could be used to perform several NABET-represented jobs, e.g. editing." "At this time, the Company's position appears to be wholly subjective and possibly discriminatory for various reasons, including but not limited to union animus, age, and possibly other FEHA-related reasons."

14.     Defendants violated this prohibition of discrimination based on age, by among other things, being motivated to terminate Pickett because of his age (62 years of age), and refusing to accommodate, and/or to enter into a reasonable interactive process with Pickett because of his age.

15.     As a result of Defendants' ageist conduct, and ageist comments/statements, as stated above, Pickett has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Pickett and with the intent to vex, annoy, injure and harass Pickett in complete disregard to the harm that this conduct would cause him. Pickett is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## SECOND CAUSE OF ACTION
### (Against Defendants, Universal, Higginbotham, and Does 1-20)
### (Harassment Based on Age and Disability under FEHA)

16.     Pickett realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 15, as set forth above.

17.     Defendants, including Higginbotham harassed Plaintiff, with words and actions, as stated above, by making belittling and threatening comments, which had the purpose or effect of unreasonably interfering with Pickett's work performance and creating an intimidating, hostile, offensive, or abusive work environment based upon Pickett's age and/or disability, and which made it more difficult for Pickett to do his job, and created an objectionable environment, which was both objectively and subjectively offensive, and which a reasonable person would find hostile or abusive, and which Pickett found in fact to be so hostile.

18.     Government Code Section 12940 makes it an unlawful employment practice for any employer to harass an employee, or any person providing services thereto on the basis of age, or disability, or to create a hostile work environment based thereon.

19.     As a result of Defendants' harassing conduct, Pickett has suffered both economic and non-economic damages. Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Pickett and with the intent to vex, annoy, injure and harass Pickett in complete disregard to the harm that this conduct would cause him. Pickett is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

///

///

AMENDED COMPLAINT

### THIRD CAUSE OF ACTION
**(Against Defendants Universal , and Does 1-20)**
**(Retaliation in Violation of FEHA)**

20.     Pickett realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 19, as set forth above.

21.     Pickett engaged in FEHA-protected activities, such as accusing Higginbotham of discriminating against him because of his age, and his disability, when he told Higginbotham in the May 2016 meeting, that it was illegal for Higginbotham not to find a position at defendants' company for Pickett; and because Pickett refused to sign a document entitled "Last Chance Agreement," which required Pickett to admit that he "violated Company policy, procedures ... based on an incident on January 21, 2015," and forever banning him from filing "a grievance ... or litigating in any forum," as well handing out other harsh consequences to Pickett.

22.     Specifically, Government Code Section 12940(h) makes it an unlawful employment practice "for any employer ... to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."  It is well established that a retaliation claim under FEHA may be brought by an employee who has been retaliated against for engaging in a protected activity or opposing practices forbidden by FEHA, including age and/or disability discrimination, and age and/or disability harassment.

23.     Pickett engaged in protected activities, and opposed these forbidden practices when he resisted and blatantly opposed Universal's age harassing conduct by Higginbotham, and insisting on an accommodation, and insistiong that Universal enter into a reasonable interactive process, and by refusing to sign the Last Chance Agreement, and by refusing to retire, just

8                          AMENDED COMPLAINT

because he was over the age of 40, which was strongly suggested by Higginbotham's comments about age; as well as by requiring Pickett to show Higginbotham his seven MRIs, the AME's report, his medical restriction letter, among other medical records, (all violations of HIPPA) just to satisfy Higginbotham's denial of Pickett's medical condition, and medical leave.

24.     As a result of Pickett engaging in the aforementioned protected activities, and opposing such forbidden practices, he experienced retaliatory treatment and suffered a adverse employment actions as Universal and/or NBC refused to accommodate; refused to enter into the interactive process; and terminated him in order to punish him for opposing Universal and/or NBC's behavior.

25.     A causal nexus exists between Pickett engaging in FEHA-protected activities, and retaliatory conduct and/or adverse employment actions by Defendants, as shown by Pickett being terminated right after the above-described meeting with Higginbotham.  Following Pickett's protests of Universal and/or NBC's ageist harassing behavior, and Universal and/or NBC's refusal to accommodate him, and Universal and/or NBC's refusal to enter into the interactive process, he was not accommodated, and was terminated from employment.

26.     As a result of Defendants' conduct, Pickett has suffered both economic and non-economic damages.  Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Pickett and with the intent to vex, annoy, injure and harass Pickett in complete disregard to the harm that this conduct would cause him.  Pickett is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

///

## FOURTH CAUSE OF ACTION
### (Against Defendants, Universal , and Does 1-20)
### (DISABILITY DISCRIMINATION IN VIOLATION OF FEHA)

27.     Plaintiff realleges and incorporates paragraphs 1 though 26 above as though fully set forth herein.

28.     Defendant was at all material times an "employer" within the meaning of Cal. Government Code section 12926( c) and, as such, was barred from engaging in discrimination in employment on the basis of disability as set forth in Cal. Government Code section 12940.

29.     Plaintiff was at all material times an "employee" covered by Cal. Government Code section 12940 which prohibits discrimination disability.

30.     At all times mentioned in this complaint, California's Fair Employment and Housing Act ("FEHA"), was in full force and effect and was binding on Defendant.  Pursuant to FEHA, an employer is prohibited from discriminating against an employee on the basis of any actual or perceived physical and/or impairment and/or medical condition.  California Government Code §12940(a).

31.     Pickett was (1) a member of a protective class (he had a disability-back, neck injury, which required work restrictions); (2) he was qualified to do many of the positions that were available at defendant company, having worked at defendant company for over thirty-five years, and having accumulated many of the skills and experiences necessary to do those jobs, and/or was performing competently in the position he held (he held that position for over ten years, and with an accommodation he could have continued to do the essential functions of that job); and (3) he suffered an adverse employment action (he was terminated, he was not accommodated, and/or he was not offer the required interactive process, all actions which

AMENDED COMPLAINT

"materially affect the terms and conditions of Pickett's employment," and under California law are all considered adverse employment actions, as well as by requiring Pickett to show Higginbotham his seven MRIs, the AME's report, his medical restriction letter, among other medical records, (all violations of HIPPA) just to satisfy Higginbotham's denial of Pickett's medical condition, and medical leave.

32.     As a proximate result of Defendant's discrimination, Plaintiff suffered adverse employment actions as a result of this discrimination, in that Pickett was not accommodated, not given the opportunity to have a reasonable interactive process, and was terminated.

33.     As a proximate result of Defendant's discrimination, Defendant also denied job benefits to Plaintiff.   Such discrimination was in violation of Government Code section 12940 et.seq. and the public policy embodied therein, and resulted in damage and injury to Plaintiff as alleged herein.

34.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered compensatory damages in an amount to be proven at time of trial, including lost wages and benefits, lost retirement income and benefits, lost employment-related opportunities and promotions, vested employee rights and other incidental damages.

35.     As a further direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages, including emotional injury, anxiety, distress, fear, humiliation and degradation in an amount to be proven at time of trial.

36.     As a further direct and proximate result of Defendant's wrongful conduct, Plaintiff has been deprived of employment rights and benefits in violation of the Fair Employment and Housing Act and seeks all remedies.

AMENDED COMPLAINT

37.     As a result of Defendants' conduct, Pickett has suffered both economic and non-economic damages.  Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Pickett and with the intent to vex, annoy, injure and harass Pickett in complete disregard to the harm that this conduct would cause him. Pickett is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## FIFTH CAUSE OF ACTION
(Against Universal, and Does 1 to 20)
### (FAILURE TO PROVIDE AN ACCOMMODATION IN VIOLATION OF GOV. CODE SEC. 12940(m))

COMES NOW, plaintiff, and as a fifth, separate and distinct cause of action against defendants, and each of them, allege as follows:

38.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 37.

39.     Plaintiff was an employee of defendant in May 2016, and when his doctor allowed him to return to work, defendant refused to accommodate his restrictions.

40.     Higginbotham, a person with the supervisory position at Universal of Director of Labor Relations, and who was made aware of Pickett's medical condition; back, knee and carpal tunnel injuries, and his medical restrictions; no heavy lifting, no prolonged standing and walking, by Pickett as well as by Defendants' workers' compensation department/human services department, refused to allow plaintiff to perform any job within Defendant's company, with the restrictions he had, with or without an accommodation, in violation of the FEHA, as Higginbotham just froze the process of accommodation, and obstructing any chance Pickett has of returning back to work.

AMENDED COMPLAINT

41.     Plaintiff could have performed the essential duties of many of the available jobs within Universal had he been assigned to do them, with or without an accommodation, as described above.

42.     The above-described conduct of defendants constitutes a violation of Gov. Code sec. 12940(m).

43.     As a result of defendants' failure to provide Plaintiff an accommodation because of his disability and/or medical restrictions, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severed emotional and physical distress, the exact amount of which will be proven at trial.

44.     As a result of Defendants' conduct, Pickett has suffered both economic and non-economic damages.  Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Pickett and with the intent to vex, annoy, injure and harass Pickett in complete disregard to the harm that this conduct would cause him. Pickett is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

### SIXTH CAUSE OF ACTION
(Against Universal, and Does 1 to 20)
### FAILURE TO REASONABLE ENGAGE IN THE INTERACTIVE PROCESS VIOLATION OF GOV. CODE SEC. 12940(n)

COMES NOW, plaintiff, and as a sixth, separate and distinct cause of action against defendants, and each of them, allege as follows:

45.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 44.

///

AMENDED COMPLAINT

46.     Plaintiff was an employee of defendant in May 2016, when he sought to return to work after a leave of absence.

47.     Higginbotham, a person with the supervisory position at Universal of Director of Labor Relations, and who was made aware of Pickett's medical condition; back, knee and carpal trunnel injuries, and his medical restrictions; no heavy lifting, no prolonged standing and walking, by Pickett as well as by Defendants' workers' compensation department/human services department, refused to enter into the interactive process, even after Pickett asked for such interactive discussion, which would have allowed plaintiff to perform many of the jobs within Defendant's company, with the restrictions he had, with or without an accommodation.

48.     Defendants' refusal, and failure to enter into a reasonable and good faith interactive process with Pickett, which would have allowed the full exploration of available jobs he could have performed the essential functions of, with or without an accommodation.

49.     Plaintiff could have performed the essential duties of many of the available jobs within any number of Universal and/or NBC's facilities within Los Angeles County had he been assigned to do them, with or without an accommodation, after an interactive process

50.     The above-described conduct of defendants constitutes a violation of Gov. Code sec. 12940(n).

51.     As a result of defendants' failure to enter into a good faith interactive process with Plaintiff because of his disability and/or medical restrictions, plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severed emotional and physical distress, the exact amount of which will be proven at trial.

14                         AMENDED COMPLAINT

52.     As a result of Defendants' conduct, Pickett has suffered both economic and non-economic damages.  Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Pickett and with the intent to vex, annoy, injure and harass Pickett in complete disregard to the harm that this conduct would cause him. Pickett is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

**SEVENTH CAUSE OF ACTION**
(Against defendants, Universal, and Does 1 to 20)
**WRONGFUL TERMINATION/ADVERSE EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY**

COMES NOW, plaintiff, and as a seventh, separate and distinct cause of action against defendants, and each of them, allege as follows:

53.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 52.

54.     Defendants were in violation of public policy, among others, the California Constitution, and FEHA, which make it illegal to terminate a person because of they are over the age of 40, and/or because they have a disability.

55.     Picket was, before his termination, (1) an employee of defendants' (2) defendants terminated Pickett on May 7, 2016; and (3) the termination was substantially motivated by violations of the California Constitution and/or FEHA, which protects employees against discrimination based on age and/or disability; and (4) Pickett has suffered with lost wages and benefits, as well as emotional distress.

56.     Defendant, on or about May 7, 2016 informed Pickett that he was not allowed

///

15                    AMENDED COMPLAINT

to come back to work, effectively terminating Pickett from employment with Universal and/or NBC, and on September 16, 2016, Pickett was officially notified, by Steve Ross, his union president, that he was terminated by defendants.

57.     Such actions by the defendant, based on Pickett's medical restrictions, his prior medical leave, and his age are termination and/or an adverse employment action in violation against public policy.

58.     As a result of defendants' termination, or laying Pickett off from his position plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severed emotional and physical distress, the exact amount of which will be proven at trial.

59.     As a result of Defendants' conduct, Pickett has suffered both economic and non-economic damages.  Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Pickett and with the intent to vex, annoy, injure and harass Pickett in complete disregard to the harm that this conduct would cause him. Pickett is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

**EIGHT CAUSE OF ACTION**
(Against defendants Universal, and Does 1 to 20)
**WRONGFUL TERMINATION/ADVERSE**
**EMPLOYMENT ACTION IN VIOLATION OF FEHA (GC §12940 et seq.)**

COMES NOW, plaintiff, and as a eighth, separate and distinct cause of action against defendants, and each of them, allege as follows:

60.     Plaintiff incorporates each allegation set forth in paragraphs 1 through 59.

AMENDED COMPLAINT

61.     Defendant, on or about May 7, 2016, informed Pickett that he was terminated, not allowed to return to work, from employment with Universal and/or NBC, and on September 16, 2016, Pickett was officially notified, by Steve Ross, his union president, that he was terminated by defendants.

62.     Such actions by the defendant, based on Pickett's medical restrictions, his prior medical leave, and his age are termination and/or an adverse employment action in violation of the FEHA.

63.     Defendants were in violation of the FEHA, which make it illegal to terminate a person because of they are over the age of 40, and/or because they have a disability.

64.     Picket was, before his termination, (1) an employee of defendants' (2) defendants terminated Pickett on May 7, 2016; and (3) the termination was substantially motivated by violations of the California Constitution and/or FEHA, which protects employees against discrimination based on age and/or disability; and (4) Pickett has suffered with lost wages and benefits, as well as emotional distress.

65.     As a result of defendants' termination, or laying Pickett off from his position plaintiff has suffered and continues to suffer damages, in the form of lost wages and other employment benefits, and severed emotional and physical distress, the exact amount of which will be proven at trial.

66.     As a result of Defendants' conduct, Pickett has suffered both economic and non-economic damages.  Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Pickett and with the intent to vex, annoy, injure and harass Pickett in complete disregard to the harm that this conduct would cause him.

Pickett is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## NINTH CAUSE OF ACTION
### (Against defendants Universal, Higginbotham, and Does 1 to 20)
## DEFAMATION

COMES NOW, plaintiff, and as a ninth, separate and distinct cause of action against defendants, and each of them, and Plaintiff incorporates each allegation set forth in paragraphs 1 through 66.

67.     Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally caused excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons, and to the community.   These false and defamatory statements, made by defendant Higginbotham, who was a supervisor at Universal, on or about May 7, 2016, in the presence of others, included express and implied accusations that Plaintiff could no longer do his job, that he was incompetent; and a troublemaker. These and other similar false statements expressly and impliedly stated that Plaintiff was dishonest, lazy, incompetent, and a poor performer, and are **not** opinion, but could be proven to be false statements of fact, as Pickett was not dishonest, lazy, incompetent, nor a poor performer, and when Pickett seeks future employment he will be required to disclose that defendants said he was dishonest, lazy, incompetent, and a poor performer, as for some of defendants' reasons for his termination.

68.     These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional publications by Defendants, and each of

them, were and continue to be, foreseeably published and republished by Defendants, their agents and employees, recipients, in the community.  Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

69.     The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation.  These publications included false and defamatory statements (in violation of Civil Code §§ 45 and 46(3)(5)) with the meaning and/or substance that Plaintiff: violated company policies; that he was a poor performer that he deserved to be terminated; that he was incompetent; a troublemaker; and made false complaints.  These and similar statements published by Defendants, and each of them, expressly and impliedly asserted that Plaintiff was incompetent, dishonest, and a poor employee.

70.     The above complained-of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation.  Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

71.     As a proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and

significant economic loss in the form of lost wages and future earnings, all to Plaintiff's

economic, emotional, and general damage in an amount according to proof.

72.     Defendants, and each of them, committed the acts alleged herein recklessly,

maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for

an improper and evil motive amounting to malice (as described above), and which abused and/or

prevented the existence of any conditional privilege, which in fact did not exist, and with a

reckless and conscious disregard of Plaintiff's rights.  All actions of Defendants and each of

them, their agents and employees, herein alleged were known, ratified and approved by the

Defendants, and each of them.  Plaintiff thus is entitled to recover punitive and exemplary

damages from Defendants, and each of them, for these wanton, obnoxious, and despicable acts in

an amount based on the wealth and ability to pay according to proof at time of trial.

**TENTH CAUSE OF ACTION**
(Against All Corporate Defendants and Does 1 to 20)
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

73.     Plaintiff realleges and incorporates by reference each and every allegation

contained in Paragraphs 1 through 72, as set forth above.

74.     Defendants' conduct of ageist and disability discrimination and harassment,

placing Plaintiff on suspension, and terminating Plaintiff, requiring Plaintiff to sign the Last

Chance Agreement (limiting Plaintiff's employment options), as well by requiring Pickett to

show Higginbotham his seven MRIs, the AME's report, his medical restriction letter, among

other medical records, (all violations of HIPPA) just to satisfy Higginbotham's denial of

Pickett's medical condition, and medical leave, was extreme and outrageous conduct, which

AMENDED COMPLAINT

outrageous conduct was so extreme as to exceed all bounds of that usually tolerated in a civilized community, and the plaintiff did suffered severe or extreme emotional distress.

75.     As a result of Defendants' infliction of emotional distress conduct, Plaintiff has suffered both economic and non-economic damages.  Additionally, in committing the above-described acts, Defendants acted in a willful, oppressive and malicious manner towards Plaintiff and with the intent to vex, annoy, injure and harass Plaintiff in complete disregard to the harm that this conduct would cause her.  Plaintiff is therefore entitled to punitive damages in an amount according to proof at trial against all Defendants.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment as follows:

## ON ALL THE CAUSE OF ACTIONS

1.      For special and consequential damages in an amount according to proof at time of trial; and

2.      For universal damages in an amount according to proof at time of trial; and

3.      For reasonable attorneys fees and costs; and consequential damages in an amount according to proof at time of trial;

4.      For punitive damages; and

5.      For such other and further relief as the Court deems just and proper.

///

///

///

///

AMENDED COMPLAINT

### **REQUEST FOR JURY TRIAL**

Plaintiff Roger Pickett herein requests a trial by jury on all of his causes of action set forth herein.

DATED: February 7, 2017

By: _____

IRVING MEYER, Attorney for
Plaintiff, ROGER PICKETT

22                          AMENDED COMPLAINT

EXHIBIT  1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                       GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                        DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

October 03, 2016

Irving Meyer
Law Offices Of Irving Meyer  Esq.  225 Santa Monica Blvd.   700
Santa Monica California 90401

RE: **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 669130-254693
Right to Sue: Pickett / NBC Universal NBC Universal

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer.  You or your attorney must serve the complaint.  If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

October 03, 2016

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 669130-254693
Right to Sue: Pickett / NBC Universal NBC Universal

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

October 03, 2016

Roger Pickett
C/O Law Offices Of Irving Meyer, 225 Santa Monica Blvd., #700,
Santa Monica, California 90401

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 669130-254693
Right to Sue: Pickett / NBC Universal NBC Universal

Dear Roger Pickett,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective October 03, 2016 because an immediate
Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

1

2

3

4

5

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

6

7

8

9

In the Matter of the Complaint of    DFEH No. 669130-254693
Roger Pickett, Complainant.
C/O Law Offices Of Irving Meyer, 225 Santa
Monica Blvd., #700,
Santa Monica,  California  90401

10

vs.

11

12

NBC Universal  NBC Universal, Respondent.
100 Universal City Plaza
Universal City,  California 91608

13

14

15

16

Complainant alleges:

1. Respondent **NBC Universal** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

17

18

19

2. On or around **May 04, 2016**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied employment, Denied reasonable accommodation, Terminated,** .  Complainant believes respondent committed these actions because of their: **Age - 40 and over, Disability** .

20

21

3. Complainant **Roger Pickett** resides in the City of **Santa Monica**, State of **California**.  If complaint includes co-respondents please see below.

22

32-1

-5-

Date Filed: October 03, 2016

1

2

**Co-Respondents:**

NBC Universal
Mark Higginbotham
100 Universal City Plaza
Universal City  California 91068

NBC Universal
John Conforti
100 Universal City Plaza
Universal City  California 91068

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

-6-

*Complaint – DFEH No. 669130-254693*

Date Filed: October 03, 2016

1

2   **Additional Complaint Details:**

3

4   I believe I was discriminated against/failed to be accommodated/failed to have a
    reasonable interactive process because of my disability, by my employer, NBC
    Universal.  In addition, I was retaliated against because I sought to return to work, by
    NBC Universal. Further, I was harassed by my supervisors, Mark Higginbotham and
    John Conforti because of my age and my disability.  NBC Universal also discriminated
    against me because of my age, and terminated me.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

902-1

-7-

*Complaint – DFEH No. 669130-254693*

Date Filed: October 03, 2016

## VERIFICATION

I, **Irving Meyer**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On October 03, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Santa Monica, California**
**Irving Meyer**

-8-

Date Filed: October 03, 2016

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action, my business address is: 225 Santa Monica Blvd., Suite 700, Santa Monica, CA 90401.

On February 7, 2017 I had served the foregoing documents described as: Amended Complaint

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mitchell Silberberg & Knupp
11377 West Olympic Boulvard
Los Angeles, CA 90064
Att: Jonathan M. Turner, Esq.

By U.S. MAIL by placing the above referenced documents in an envelope, and personally delivering such to a U.S. Postal Station, on February 7, 2017.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed this 7th day of February 2017, at Santa Monica, California.

IRVING MEYER

23                              AMENDED COMPLAINT