UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-01404 JAK (MRWx) | Date | July 19, 2017 |
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | |

Present: The Honorable  JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION TO COMPEL ARBITRATION (DKT. 12)**
**JS-6: Stayed/Inactive Calendar**

**I.     Introduction**

This proceeding arises from claims by Roger Pickett ("Respondent") that he was subject to employment discrimination by NBCUniversal Media, LLC ("NBCUniversal"), Universal City Studios, LLC ("Universal City Studios"), and Mark Higginbotham ("Higginbotham") (collectively, "Petitioners"). Respondent advanced his claims in an action filed in the Los Angeles Superior Court on October 28, 2016, *Pickett v. Universal City Studios, LLC, et. al*, Case No. BC638593 (the "LASC Action"). On April 3, 2017, Petitioners filed an answer in the LASC Action, in which they asserted several affirmative defenses, including that the matter was subject to mandatory arbitration.[1] Thereafter, on February 21, 2017, Petitioners commenced this action in which they also seek to compel arbitration of the claims made by Respondent in the LASC Action. Dkt. 1. Their claim is based on the Federal Arbitration Act, 9 U.S.C. § 4, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA").

On May 15, 2017, Petitioners filed a Motion to Compel Arbitration ("Motion" (Dkt. 12)). Respondent did not file an opposition, and Petitioners filed a notice of non-opposition. Dkt. 13. Respondent then filed an opposition (Dkt. 14), which states that its basis is set forth in Respondent's Objections to the Petition (Dkt. 11). Petitioners did not file a reply.

A hearing on the Motion was held on July 6, 2017, and the matter was taken under submission. Dkt. 16. For the reasons stated in this Order, the Motion is **GRANTED**.

---

[1] Petitioners' Answer in the LASC Action was not among the exhibits filed by the parties. However judicial notice of it is taken. Courts may take judicial notice of state court documents that have a "direct relationship" to a federal case. *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (overruled on other grounds, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | Date | July 19, 2017 |
|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | |

**II.   Factual and Procedural Background**

    **A.   The Parties**

NBCUniversal develops and produces television programs and owns television stations. Dkt. 1 ¶ 1. Universal City Studios is one of its subsidiaries. *Id*. ¶ 2. Higginbotham is the Director of Labor Relations for NBCUniversal. *Id*. ¶ 3. Respondent is a former employee of NBCUniversal; he worked at its facilities in Universal City, California. *Id*. ¶4.

    **B.   The LASC Action**

The Complaint in the LASC Action advanced the following causes of action: (1) Age Discrimination in Violation Of California's Fair Employment And Housing Act, Cal. Gov. Code §§ 12900-12996 ("FEHA"); (2) Harassment Based On Age And Disability under FEHA; (3) Retaliation in Violation of FEHA; (4) Disability Discrimination, in Violation of FEHA; (5) Failure To Provide An Accommodation, in Violation of FEHA; (6) Failure To Engage In The Interactive Process in Violation of FEHA; (7) Wrongful Termination/Adverse Employment Action in Violation of Public Policy; (8) Wrongful Termination/Adverse Employment Action in Violation of FEHA; (9) Defamation; and (10) Intentional Infliction of Emotional Distress ("IIED"). After NBCUniversal was added as a defendant, a First Amended Complaint ("FAC") was filed. It alleges the same ten causes of action. Dkt. 12-2 at 5. Relator subsequently dismissed the defamation claim. All of the claims are alleged against NBCUniversal and Universal City Studios. Higginbotham is named as a defendant only in the second cause of action for alleged harassment in violation of the FEHA.

A status conference was conducted in the LASC Action. At the joint request of the parties, Judge Beaudet, to whom the case is assigned, elected to defer setting dates in the matter until the Motion in this proceeding is decided. Neither of the parties has stated that Judge Beaudet expressed any concern that the arbitrability of the claims asserted in the LASC Action would be decided in this one.

    **C.   The Collective Bargaining Agreement**

Respondent is a member of the National Association of Broadcast Employees and Technicians, the Broadcasting and Cable Television Workers Sector of the Communications Workers of America, AFL CIO-CLC (the "Union"). Dkt. 1 ¶ 7. Petitioner alleges that the Union was the exclusive bargaining representative of certain NBCUniversal employees, including Respondent. *Id*. In this capacity, it bargained for the terms of wages, hours and other conditions of employment of its members. *Id*. This resulted in the entry of a collective bargaining agreement ("CBA") by NBCUniversal and the Union, which establishes the terms of employment for certain employees, including Respondent. *Id*. ¶ 8. The CBA includes nondiscrimination provisions that address the issues raised in the FAC. Thus, Article II, Section 2.1 of the CBA provides:

> Neither the Union nor [NBCUniversal] will discriminate against any employee because of race, creed, age, sex, sexual orientation, disability, color, national origin, religion, or any other characteristic protected by applicable federal, state or local law, in violation of such law, including but not limited to the Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, Sections 1981 through

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | | Date | July 19, 2017 |
|---|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | | |

> 1988 of Title 42 of the United States Code, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, . . . California Fair Employment and Housing Act, . . . or any other federal, state or local law prohibiting discrimination.

Dkt. 12-1 at 5.

The CBA also has provisions concerning the resolution of disputes that arise between NBC Universal and a member of the Union. This includes disputes as to alleged violations of the non-discrimination clause. Article XX, Section 20.1 of the CBA states that, if a member of the Union who is an employee believes that NBCUniversal has violated his or her rights under the CBA, he or she may request that the Union file a grievance on his or her behalf. Such a grievance could be settled by the parties. Dkt. 12-1 at 7-8. If the employee fails to make such a timely request to the Union, or if the Union fails to act timely on one that is properly made, the employee may submit the grievance to the mandatory dispute resolution program ("DRP"). *Id.* at 8. The DRP provides for the arbitration of such unresolved grievances, including where the parties timely seek to set aside a prior, informal settlement. *Id.* Petitioners state that, to the best of their knowledge, the Union has not filed any grievance on behalf of Respondent with respect to his FEHA claims. Dkt. 12-1 at 3 (Higginbotham Decl. ¶ 7). Respondent has not disputed this contention.

When a grievance is not filed, the CBA provides that arbitration under the terms of the DRP "shall provide the sole and exclusive procedure for resolution of such claims, and neither the Union nor any aggrieved employee may file an action or complaint in court on any claim that arises under Section 2.1, having expressly waived the right to so file." *Id.* at 8. It also provides that

> [t]he impartial Umpire's decision (in the case of a claim brought by the Union) or the arbitrator's decision (in the case of a claim brought by the employee through the Company's mandatory dispute resolution program) shall provide the final, binding and exclusive determination of such claim, subject only to appeal in accordance with the Federal Arbitration Act.

*Id.* at 8.

### D. The Positions of the Parties

Based on the aforementioned terms of the CBA, Petitioners argue that, through the negotiations by the Union, Respondent gave up the right to file a civil action with respect to the claims made in the LASC Action. Instead, all of those claims based on employment discrimination must be addressed through the DRP of the CBA, which includes potential arbitration.

Relator has refused to agree to the demand by NBCUniversal for dispute resolution pursuant to the terms of the CBA. He contends that the terms of the CBA requiring the arbitration of unresolved grievances are not mandatory.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | Date | July 19, 2017 |
|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | |

**III.    Analysis**

    **A.    Legal Standards**

        1.    Arbitrability Under the Labor Management Relations Act

Under Section 301(a) of the Labor Management Relations Act,

> [s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

Section 301(a) applies to actions arising from a collective bargaining agreement. "All that is required for jurisdiction to be proper under § 301(a) is that the suit be based on an alleged breach of contract between an employer and a labor organization and that the resolution of the lawsuit be focused upon and governed by the terms of the contract." *Painting & Decorating Contractors Ass'n, Inc. v. Painters & Decorators Joint Comm., Inc.*, 707 F.2d 1067, 1071 (9th Cir. 1983) (citing *Castanada v. Dura-Vent Corp.*, 648 F.2d 612, 616 (9th Cir.1981)). *Accord N. L. R. B. v. Los Angeles Yuma Freight Lines*, 446 F.2d 210, 214 (9th Cir. 1971) ("The section 301 remedy extends to suits to compel arbitration of individual grievances . . . ."); *see also United Steel Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1267 (11th Cir. 2015) ("the Supreme Court has expressly and long held that orders compelling arbitration on a complaint seeking specific performance of an arbitration provision under the LMRA are final and appealable") (*citing Goodall–Sanford, Inc. v. United Textile Workers, A.F.L. Local 1802*, 353 U.S. 550 (1957)).

Once a district court has determined that it has jurisdiction over a claim that is covered by § 301(a), it has discretion to address the appropriate forms of relief. Remedies under § 301(a) include compelling arbitration, injunctive relief against individual union members, required payments to pension trust funds and setting aside arbitration awards. *See Int'l Union of Painter & Allied Trades v. NLRB*, 656 F.3d 860 (9th Cir. 2011); *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1061 (9th Cir. 2010); *Trs. of the S. Cal. IBEW-NECA Pension Tr. Fund v. Flores*, 519 F.3d 1045 (9th Cir. 2008); *Garvey v. Roberts*, 203 F.3d 580, 580 (9th Cir. 2000)).

The proper role of the courts in "addressing threshold questions of arbitrability" is "to consider only the validity and scope of the arbitration clause itself." *In re Van Dusen*, 654 F.3d 838, 842 (9th Cir. 2011). Courts often decide "whether the parties are bound by a given arbitration clause" and "disagreement[s] about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). A court can order arbitration only when it is satisfied that parties have agreed to arbitrate the particular dispute in question. *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2847, 2856 (2010). Thus, "the court must resolve any issue that calls into question the formation or applicability of the specific arbitration clause that a party seeks to have the court enforce." *Id.* However, "procedural questions which grow out of the dispute and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | Date | July 19, 2017 |
|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | |

bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam*, 537 U.S. at 84 (internal quotation marks omitted). The presumption is that the arbitrator should be deciding "allegation[s] of waiver, delay, or a like defense to arbitrability." *Id.* (internal quotation marks omitted).

  2. *Colorado River* Abstention

A federal court may stay or dismiss a proceeding when a parallel, more comprehensive, state court action is pending in which the same issues have been presented. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976). The basis for this doctrine is "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817 (*quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)). Such abstention is the exception, not the rule: "[g]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* (*quoting McClellan v. Carland*, 217 U.S. 268, 283 (1910)). Only "exceptional" circumstances justify abstention, *id.* at 818, and the exception is a "narrow one." *Intel Corp. v. Advanced Micro Devices Inc.*, 12 F.3d 908, 912 (9th Cir. 1993).

"[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Id.* at 913. "In [the Ninth] Circuit, the narrow *Colorado River* doctrine requires that the pending state court proceeding resolve all issues in the federal suit." *Holder v. Holder*, 305 F.3d 854, 859 (9th Cir. 2002). "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one. Only the clearest of justifications will warrant dismissal." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990) (*quoting Colorado River*, 424 U.S. at 819).

The Ninth Circuit has identified seven non-exclusive factors that may be considered in determining whether to stay or dismiss a federal action pursuant to *Colorado River*:

> (1) whether the state court first assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; (7) whether exercising jurisdiction would promote forum shopping.

*Holder*, 305 F.3d at 870. The requirement that the state court action be sufficient has been stated as an eighth factor: "(8) whether the state court proceedings will resolve all issues before the federal court." *R.R. Street & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011).

 **B.** **Application**

  1. Whether There is Federal Jurisdiction

Respondent argues that the there is no jurisdiction to compel arbitration. Thus he contends that, because both the Complaint and the FAC involve "nonnegotiable state-law rights," no federal question is raised. In support of this position, he cites *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F.Supp.3d 932

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | Date | July 19, 2017 |
|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | |

(2014). There, an employee brought a putative class action against her employer, alleging violations of California wage and hour laws, as well as failure to provide meals and rest breaks. *Id.* at 933-934. The defendant removed the action. It argued that there was federal question jurisdiction under Section 301 of the LMRA because the asserted claims concerned matters that were addressed in the controlling collective bargaining agreement. *Id.* at 965. The employer argued that the state law employment claims were effectively federal ones because they were preempted by the LMRA. As *Vasserman* acknowledged, "a state law claim will be preempted if it is so 'inextricably intertwined' with the terms of a labor contract that its resolution will require judicial interpretation of those terms." *Id.* at 951.

*Vasserman* held that the claims were not preempted and there was no federal jurisdiction. This analysis began with the recognition that plaintiff's claims arose under California law. Consequently, a determination of their merits would not require an interpretation of the collective bargaining agreement. The analysis then considered whether the claims under California law were preempted by the LMRA. *Vasserman* held that the collective bargaining agreement provided only an affirmative defense in connection with the adjudication of the employment claims at issue, and that this was not a basis for federal jurisdiction. *Id.* at 954 ("reliance on the CBA as an aspect of a defense is not enough to 'inject[ ] a federal question into an action that asserts what is plainly a state-law claim'" (citations omitted)). *Vasserman* next concluded that, although certain terms of the collective bargaining agreement would be relevant to the adjudication of the state law claims, *e.g.,* whether paid education leave constituted "hours worked" under state law, the consideration of these provisions would "not require interpretation or analysis of their terms." *Id.* at 958-59.

*Vasserman* then concluded:

> Despite the broad preemptive effect of § 301, a claim that seeks to vindicate "nonnegotiable state-law rights ... independent of any right established by contract" is not within its scope. *Allis–Chalmers Corp.*, 471 U.S. at 213, 105 S.Ct. 1904; see also *Livadas v. Bradshaw*, 512 U.S. 107, 123–24, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994) ("[Section] 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.... [I]t is the legal character of a claim, as 'independent' of rights under the collective-bargaining agreement ... that decides whether a state cause of action may go forward" (citations omitted)). As a result, if a state law cannot be waived or modified by private contract, and if the rights it creates can be enforced without resort to the particular terms, express or implied, of a labor contract, § 301 does not preempt the claim for violation of the law. See *Miller v. AT & T Network Systems*, 850 F.2d 543, 546 (9th Cir.1988). "If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir.2001) (en banc), cert. denied 534 U.S. 1078, 122 S.Ct. 806, 151 L.Ed.2d 692 (2002).

*Id.* at 951–52. See also *Raphael v. Tesoro Ref. & Mktg. Co.*, 2015 WL 3970293, at *2 (C.D. Cal. June 30, 2015) ("The question at the heart of the Court's analysis regarding preemption is whether the Court will be required to interpret the relevant CBAs."); *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093 (N.D. Cal. 2014) (finding that § 301 preempted state employment claims that were explicitly encompassed by CBA).

*Vasserman* also addressed whether the presence of grievance and arbitration provisions in the collective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | Date | July 19, 2017 |
|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | |

bargaining agreement would require an analysis of it in a manner that would provide the basis for federal jurisdiction. *Id.* at 964. As here, the employer argued that the collective bargaining agreement contained "mandatory grievance and arbitration procedures for the resolution of the claims that [p]laintiff is pursuing," which "require the interpretation of those provisions of the [collective bargaining agreement]." *Id.* The court found that the arbitration provisions were straightforward, so that the state court could readily "'look to' the provisions of the CBAs to determine whether the grievance and arbitration procedures apply, and whether they constitute a clear and unmistakable waiver of Vasserman's rights under the Labor Code." *Id.* at 965. Further, the opinion concluded that a "court may look to the CBA to determine whether it contains a clear and unmistakable waiver of state law rights without triggering [§ ]301 preemption." *Id.* at 964 (quoting *Meyer v. Irwin Indus., Inc.*, 723 F. Supp. 2d 1237, 1243 (C.D. Cal. 2010)).

*Vasserman* is distinguishable. Petitioners here do not argue that the claims presented by Respondent in the LASC Action are preempted or altered by the CBA. Nor do they assert that there is federal jurisdiction to assess those claims in light of the CBA. Instead, they simply claim -- as they did in the answer to the FAC that was filed in the LASC Action -- that the claims are subject to the mandatory DRP set forth in the CBA.

As noted, § 301 provides federal jurisdiction when a party seeks to enforce contractual rights under a collective bargaining agreement. *"*All that is required for jurisdiction to be proper under § 301(a) is that the suit be based on an alleged breach of contract between an employer and a labor organization and that the resolution of the lawsuit be focused upon and governed by the terms of the contract." *Painting & Decorating Contractors Ass'n*, 707 F.2d at 1071 (*citing Castanada,* 648 F.2d at 616). The sole basis for the Petition is that Relator did not comply with the CBA when he commenced the LASC Action because the CBA controls the process for the resolution of the claims made there. *See United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960) ("[A]rbitration of labor disputes under collective bargaining agreements is part and parcel of the collective bargaining process itself.").

For the foregoing reasons, there is federal jurisdiction over the matter advanced in the Petition.

       2.     *Colorado River* Abstention

            a)     Basis for the Consideration of the Issue

As noted, in its answer to the FAC that was filed in the LASC Action, Petitioner raised the affirmative defense that the claims were subject to arbitration under the CBA. At the hearing on the Motion, Petitioner's counsel conceded that the Superior Court has jurisdiction to compel the arbitration of the claims asserted there. Therefore, the question presented, which the Court raised *sua sponte,* is whether it is appropriate to decide the arbitration issue here as to claims that are pending in the LASC Action. The factors that apply to such a determination are addressed in the following discussion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | | Date | July 19, 2017 |
|---|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | | |

      b)      Inconvenience of the Federal Forum

This forum is not inconvenient to Respondent. He brought the LASC Action in a courthouse that is literally across the street from the one in which this proceeding is pending. Respondent also claims that he lives and formerly worked for the Petitioner within the Central District of California. Dkt. 1 ¶ 4.

For these reasons, this factor weighs against abstention.

      c)      Avoiding Piecemeal Litigation

The causes of action in the LASC Action are not the same as those advanced here. As noted, in that action, Plaintiff has advanced nine claims that arise under California law. This action raises only the question as to the appropriate procedure for their resolution, *i.e.,* judicial or arbitral.

Petitioners assert that the LASC Action has not moved forward. As of the time of the hearing on the Motion, Judge Beaudet had set only a conference for July 11, 2017, at which the status of the Motion was to be reported. Dkt. 12 at 11. Therefore, there is little or no risk of overlapping, redundant, or inconsistent decisions in the two actions.

For these reasons, this factor weighs against abstention.

      d)      The Order in which Jurisdiction was Obtained

The LASC Action was filed on October 28, 2016. NBCUniversal was added as a defendant on December 19, 2016. This action was filed on February 21, 2017. Further, at the time it was filed, Petitioner had raised the arbitration defense in the LASC Action. However, that action has not progressed beyond the pleading stage.

For these reasons, this factor is neutral.

      e)      Whether Federal or State Law Governs the Dispute

Federal law governs the interpretation of the CBA. It also governs arbitrability under the LMRA. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987) ("Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement'" (*quoting Electrical Workers v.* Hechler, 481 U.S. 851, 859 n. 3 (1987))); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 404 n.3 (1988) (noting that § 301 "mandate[s] resort to federal rules of law in order to ensure uniform interpretation of collective-bargaining agreements, and thus to promote the peaceable, consistent resolution of labor-management disputes").

For these reasons, this factor weighs against abstention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | Date | July 19, 2017 |
|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | |

    f)  Whether State Court Proceedings are Adequate to Protect Federal Litigants

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants. For example, if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate." *R.R. Street*, 656 F.3d at 981. Here, the Superior Court has jurisdiction over all of the claims asserted in the FAC. The Superior Court also has jurisdiction to determine whether the arbitration of these claims should be compelled.

For these reasons, this factor is neutral.

    g)  Forum Shopping

"Forum shopping refers to [t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard." *R.R. Street*, 656 F.3d at 981 (internal quotation marks omitted). By commencing this action after raising arbitration as an affirmative defense in the LASC Action, Petitioners have engaged in a type of forum shopping. As their counsel conceded at the hearing on the Motion, Petitioners would prefer to have the arbitrability issue determined in a federal proceeding rather than in the LASC Action. It is not contested, however, that the question of arbitrability was raised as an affirmative defense in the LASC Action and could be decided there.

For these reasons, this factor weighs in favor of abstention.

    h)  Whether State Court Proceedings will Resolve All Issues

"Although we have not always required 'exact parallelism,' the two actions must be 'substantially similar.'" *R.R. Street*, 656 F.3d at 982 (*quoting Nakash v. Marciano*, 883 F.2d 1141, 1416 (9th Cir. 1989)). As stated above, the arbitration provision has been raised as an affirmative defense in the LASC Action. The two actions do not otherwise expressly overlap. However, if the Motion is granted, the core, substantive claims will be resolved in arbitration. This provides a basis for concluding that there will be a resolution of all claims through this proceeding, subject to the issues discussed below with respect to the claims against Higginbotham and Universal City Studios.

For these reasons, this factor weighs slightly against abstention.

    \*    \*    \*

"Ultimately, the decision whether to dismiss a federal action because of parallel state-court litigation hinges on a careful balancing of the factors . . . with the balance heavily weighted in favor of the exercise of jurisdiction." *R.R. Street*, 656 F.3d at 983 (*quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). Most of the relevant factors weigh against abstention. Resolving this matter here will be more efficient. The issues have been briefed and heard. If abstention were applied, the process would have to start over in the LASC Action, with the core issue of arbitrability briefed, argued and assessed anew. Further, there has been no claim by Respondent of any prejudice that will result from having the issue of arbitrability addressed here. Finally, Judge Beaudet has not expressed any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | Date | July 19, 2017 |
|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | |

concerns about the resolution of the arbitration issue in this proceeding. For all of these reasons, *Colorado River* abstention is not applied.

       3.     Whether the CBA Requires Arbitration

          a.  General Standards

The standard for determining whether a collective bargaining agreement requires arbitration of a given dispute was stated in *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009). There, the Supreme Court explained that "[n]othing in the law suggests a distinction between the status of arbitration agreements signed by an individual employee and those agreed to by a union representative." *Id.* at 258. Such an agreement is enforceable if it "clearly and unmistakably" requires union members to arbitrate their statutory discrimination claims. *Id.* at 274.

          b.  Terms of the CBA

Respondent argues that the CBA does not require the arbitration of the claims advanced in the FAC. Instead, he claims that arbitration is optional, *i.e.,* subject to the agreement of the parties to any particular dispute that arises. This argument is based on the use of the word "may" in the grievance and arbitration provision of the CBA. That word appears in the following passages of the CBA:

- "An employee covered by the Master Agreement *may* request that the Union file a grievance on his or her behalf . . . ." *See* Dkt. 12-1 at 8 (italics added).

- "[t]he aggrieved employee *may* submit his or her claim to the Company's mandatory dispute resolution program . . . ." *Id.* (italics added).

- "[a]nd neither the Union nor any aggrieved employee *may* file an action or complaint in court on any claim that arises under Section 2.1 . . . ." *Id.* (italics added).

In relying on this language, Respondent ignores the context in which they appear. *See Commc'ns Workers v. AT&T*, 40 F.3d 426, 435 (D.C. Cir. 1994) ("Federal labor policy establishes a heavy presumption in favor of mandatory arbitration of disputes under collective bargaining agreements, unless the agreement expressly provides that arbitration is not the exclusive remedy. . . . The District Court thus erred in finding that the use of the permissive 'may' in Article 19.40 exempted [the subject] disputes from the mandatory grievance and arbitration procedures established in Article 10.10.").

          c.  The FEHA Claims

Considering the CBA as a whole makes clear that its DRP terms are mandatory for the adjudication of workplace discrimination claims brought under FEHA. Thus, the CBA expressly provides that it applies to all employment discrimination claims brought against NBCUniversal, including those based on violations of FEHA. Dkt. 12-1 at 5. The grievance and arbitration procedures also state that if the employee fails to file a grievance with the Union as to alleged discrimination, the DRP set forth in the CBA "shall provide *the sole and exclusive procedure* for resolution of such claims, and neither the Union nor any aggrieved

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | | Date | July 19, 2017 |
|---|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | | |

employee may file an action or complaint in court on any claim that arises under Section 2.1, having expressly waived the right to so file." *Id*. at 8 (italics added). As noted, Section 2.1 prohibits workplace discrimination, and refers to FEHA. Therefore, these provisions govern the present FEHA disputes, and require that they be arbitrated subject to the issue addressed below with respect to the claims against Higginbotham and Universal City Studios.

                d.  The Non-FEHA Claims

Respondent's claim of IIED is also subject to arbitration under the terms of the CBA. That claim is premised entirely on the same alleged misconduct that underlies the claim for workplace discrimination in violation of FEHA, which is identified in the CBA as subject to the DRP. Dkt. 12-1 at 5. The only difference between this claim and those raised under FEHA is the nature of the available damages. Thus, to establish liability, very similar, if not identical, evidence would be proffered with respect to what Respondent contends were the improper acts of Petitioner.

The IIED claim here falls within the scope of the DRP, which applies to

> all claims that arise out of or are related to an employee's employment or cessation of employment (whether asserted by or against the Company), where a court in the jurisdiction in question would otherwise have the authority to hear and resolve the claim under any federal, state or local (e.g., municipal or county) statute, regulation or common law.

Dkt. 12-1 at 14 (defining "Covered Claims"). This provision applies expressly to certain enumerated claims, including, *inter alia*,

> Claims relating to involuntary terminations, such as layoffs and discharges (including constructive discharges), notice of mass layoffs and/or plant closings;
>
> Employment discrimination and harassment claims, based on, for example, age, race, sex, religion, national origin, veteran status, citizenship, handicap/disability, or other characteristic protected by law; [and]
>
> . . .
>
> Tort claims (such as intentional torts, negligence, defamation, invasion of privacy, infliction of emotional distress, etc.)[.]

*Id*.

Furthermore, the DRP bars employees from filing a civil action "that is based on substantially the same set of facts and circumstances as" any claim that has been resolved under its procedures. *Id*. at 19. That language applies here for the same reasons stated earlier. Other courts have ordered the arbitration of emotional distress claims under similar circumstances. *See Colvin v. NASDAQ OMX Grp*., Inc., No. 15-CV-02078-EMC, 2015 WL 6735292, at *1 (N.D. Cal. Nov. 4, 2015) (compelling arbitration when agreement covered "any dispute arising between the Parties under this Agreement, under any statute,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | Date | July 19, 2017 |
|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | |

regulation, or ordinance, under any other agreement between the parties, and/or in way [sic] relating to Employee's employment"); *Reynoso v. Bayside Mgmt. Co.*, No. 13-CV-4091 YGR, 2013 WL 6173765, at *2 (N.D. Cal. Nov. 25, 2013) (compelling arbitration of IIED claims notwithstanding that the agreement specifically identified FEHA and discrimination claims, but not ones for emotional distress); *Cornejo v. Spenger's Fresh Fish Grotto*, No. C 09-05564 MHP, 2010 WL 1980236, at *1 (N.D. Cal. May 17, 2010) (compelling arbitration when agreement required arbitration of "all disputes relating to their employment relationship or the termination of that relationship that are not resolved informally").

The DRP requires the arbitration of covered claims that are not resolved informally. The DRP is also the required process under the CBA for the resolution of grievances that are not being presented by the Union on behalf of one of its members. Dkt. 12-1 at 8 (CBA Article XX, "Grievances and Arbitration"). The CBA states that "the arbitrator's decision (in the case of a claim brought by the employee through the Company's mandatory dispute resolution program) shall provide the final, binding and exclusive determination of such claim." *Id.* Therefore, Plaintiff's IIED claim is subject to the aforementioned arbitration provision of the CBA.

e.   The Claims Against Higginbotham

NBCUniversal is a party to the CBA. Neither Higginbotham nor Universal City Studios is expressly identified as a signatory or party. However, an individual or entity that is not a signatory to a contract with an arbitration clause may nonetheless compel arbitration of claims under certain conditions. These include where the nonsignatory is an agent of a party to a contract that includes an arbitration clause, and seeks to compel the arbitration of claims made by other parties to the contract. *Britton v. Co-op Banking Grp.*, 4 F.3d 742, 746 (9th Cir. 1993) (identifying conditions in which third party may enforce arbitration agreement). Similarly, a third party beneficiary to such a contract may enforce an arbitration provision against the signatories. *Id.* Thus, courts have found that "[w]hen each of a signatory's claims against a nonsignatory makes reference to or presumes the existence of the written agreement, the signatory's claims arise out of and relate directly to the written agreement, and arbitration is appropriate." *Fujian Pac. Elec. Co. v. Bechtel Power Corp.*, No. C 04-3126 MHP, 2004 WL 2645974, at *5 (N.D. Cal. Nov. 19, 2004) (quoting *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir.1999)).

Relator's Complaint alleges that Higginbotham was a person employed by "NBCUniversal and/or Universal [City Studios]" who acted on its behalf, including when he committed the alleged wrongdoing. Ex. A to Complaint and Petition for Order Compelling Arbitration (FAC), Dkt. 1 at 10. The Petition asserts that Higginbotham was employed by NBCUniversal. Dkt. 1 ¶ 3. Universal City Studios is a subsidiary of NBCUniversal. This places both of them within the scope of the DRP, which provides that it covers all disputes between employees and "the company," which is defined to include "NBCUniversal, any subsidiaries, affiliates, joint ventures, and parents thereof that have adopted the procedure, and, as to each of these, their officers, directors, agents, supervisors/managers acting within the scope of their employment and any of its or their successors or assigns." Dkt. 12-1 at 13. Respondent does not contest that both Higginbotham and NBCUniversal were intended beneficiaries of the CBA, with a right to enforce its terms. Therefore, Higginbotham and Universal City Studios each may compel the arbitration of the claims to which each is a party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-01404 JAK (MRWx) | | Date | July 19, 2017 |
|---|---|---|---|---|
| Title | NBCUniversal Media, LLC, et al v. Roger Pickett | | | |

### IV. Conclusion

For the foregoing reasons, the Motion is **GRANTED**. Respondent is compelled to arbitrate all of the claims advanced in the LASC Action pursuant to the terms of the CBA and DRP.

The Court orders the action stayed and places it on its inactive calendar pending the outcome of arbitration. Counsel shall file a joint status report every 90 days, or within five days of a decision regarding the status of the arbitration proceedings. The first report shall be filed by August 21, 2017. By directing such filings, the Court makes no determination as to whether this action or the LASC Action is the proper forum for any post-arbitration judicial proceedings.

**IT IS SO ORDERED.**

                                                                                                                                      :

Initials of Preparer   ak